UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMIE F. DE JESUS,

      Plaintiff,

     v.                                                    Case No. 12-CV-306

DAX C. ODOM,
MARY COOK, and
GREGORY BACON,

      Defendants.

## DECISION AND ORDER

This matter is now before the court on the plaintiff's motion to set aside verdict and order a trial or, alternatively, to alter or amend judgment pursuant to Rule 59(e), and to have the decision comport with the evidence presented.

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment

"is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

In his motion, the plaintiff argues that the court failed to address specific contradicting evidence that the plaintiff outlined in his response to the defendants' motion for summary judgment. He outlines these supposed inconsistencies again, but they are not inconsistent.

First, the quotes referenced by the plaintiff do not state that Assistant District Attorney Dax Odom asked the House of Corrections to place the plaintiff on restricted status and are not inconsistent with Odom's averment that he did not make such a request. Rather, he provided information to Mary Cook, and the plaintiff was later placed on restricted status.

Second, the plaintiff references counsel's affidavit and the earlier discovery response. In the affidavit, counsel indicates when she first learned that Ms. Anderson was the supervisor who approved the plaintiff's transfer on April 1, 2010. The earlier discovery response states that the defendants had contacted Captain Susan Anderson. The plaintiff believes that these two items mean that counsel had to know it was Anderson who ordered the transfer before the date referenced in counsel's affidavit. However, contacting Captain Susan Anderson before February 1, 2013, does not mean that counsel knew before March 14, 2013, that Anderson had made the decision to transfer the plaintiff. There is no description of the contact in the discovery response or even an indication that it was more than an attempted contact that did not result in a conversation or meeting until a later date.

Third, the plaintiff suggests that some evidence could have been presented in an affidavit from Darlene Jones Graham rather than in Anderson's affidavit. The plaintiff argues that this means

a genuine issue of material fact remains, but the defendants are entitled at summary judgment to present evidence in whatever way they choose, as long as it is admissible.

Fourth, the plaintiff specifically references what he believes is evidence that contradicts Anderson's affidavit. Anderson averred that she distinctly recalls speaking to Odom, but that it was Cook who talked to Odom on April 1, 2010. Anderson also referenced the wrong number for the plaintiff's status. The plaintiff submits that the court incorrectly gave more credit to contradicted testimony than to the House of Correction's actual records. The court does not make credibility determinations at summary judgment. To the extent evidence is uncontradicted, the court may rely upon it.

Another argument the plaintiff presents in his motion is that the court erroneously found that he had no liberty interest in remaining in the general population and that his change in classification was preventive rather than punitive. The plaintiff simply restates the arguments he already made in response to the defendants' motions for summary judgment.

The plaintiff's final argument regarding Odom causing the constitution violation by his initial request to have the plaintiff's communications restricted is not supported by the evidence in the record. The plaintiff suggests that the official documentation at the time the events occurred contradicts the affidavits of the defendants, but he provides no citation for this proposition. The plaintiff's argument is premised on Odom requesting that the plaintiff's communications be restricted, but the undisputed evidence at summary judgment showed that he did not make that request.

3

The plaintiff has not presented any newly discovered evidence, and his motion to alter judgment does not show a manifest error of law or fact by the court. See Harrington, 433 F.3d at 546.

The plaintiff also filed a motion to correct docket. Even if the docket does not exactly replicate the captions of the documents or fully describe the exhibits, it is not incorrect. It is unnecessary to correct the docket, and the plaintiff's motion will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion to alter judgment (Docket No. 115) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to correct docket (Docket No. 118) be and hereby is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of January, 2014.

BY THE COURT:

*Aaron E. Goodstein*

AARON E. GOODSTEIN
United States Magistrate Judge